UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re LAKE AT LAS VEGAS JOINT VENTURE, LLC, et al.,<br><br>    Debtors,<br><br>――――――――――――――<br><br>LARRY LATTIG, in his capacity as Creditor Trustee of the Lake Las Vegas Creditor Trust,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID COX, et al.,<br><br>    Defendant. | Case No.: 2:11-cv-01346-JAD-PAL<br><br>Bankr. No. BK-08-17814-LBR<br>Bankr. Adv. No. 10-01284-LBR<br><br>**Order re: Plaintiff's Motion for Leave to File Surreplies and Motion to Strike Documents (#192)**<br>**and**<br>**Establishing Oral-Argument Procedure for January 16 & 17, 2014, Motions Hearings** |

**I.**

**INTRODUCTION**

Currently before the Court is Plaintiff Larry Lattig's Motion for Leave to file: (1) two limited surreplies, and (2) a motion to strike documents from the Daniel Allender Declaration. Doc. 192. Defendants[1] filed a Response. Doc. 206. Plaintiff did not file a Reply. For the reasons discussed

―――――――

[1] The Defendants are 820 Management Trust, Lee M. Bass, individually and in his capacity as trustee of the 820 Management Trust, Sid R. Bass, individually and in his capacity as trustee of the Sid R. Bass Management Trust, Sid R. Bass Management Trust, BSF Partners (collectively, the "Bass Defendants"); and Alpine Cascade Corporation, Matthew J. Boeddeker, Catherine Boeddeker, in her capacity as Trustee of the Ronald F. and Catherine M. Boeddeker Family Trust and as Co-Trustee of Bypass Trust 2, Catherine Boeddeker and David Voorhies, in their capacities as trustees of the Ronald F. and Catherine M. Boeddeker Management Trust, David Voorhies in his capacity as Co-Trustee Bypass Trust 2, Trustee of Doe Trusts I, II and III, and Co-Trustee of Doe Trusts IV, V, VI, and VII, and Ralph Bednar as Co-Trustee of Doe Trusts IV, V, VI, and VII, Botaba Realty Company, Ltd., William P. Hallman, Jr., individually and in his capacity as trustee of the Hallman Management Trust, Hallman

below, the Court grants the motion to the extent it requests leave to file a surreply regarding Defendants' Motion for Summary Judgment on the Fraudulent-Transfer Claims (Doc. 192-1), but denies it in all other respects.  In addition, the Court takes this opportunity to establish a schedule for oral argument during the January 16 & 17, 2014, motions hearings.

## II.

## DISCUSSION

### A. Leave to File a Surreply Regarding the Motion for Summary Judgment on the Fraudulent-Transfer Claims (Surreply Doc. 192-1)

The first of the three documents for which Plaintiff seeks leave is Plaintiff's surreply in support of his opposition to Defendant's Motion for Summary Judgment on the Fraudulent-Transfer Claims.  Doc. 192-1.  Defendants do not object to the filing of this surreply but ask the Court to consider also their response to it.  Doc. 206-1.  Plaintiff did not file a reply objecting to the Defendants' proposition.  There being no objections, and for good cause shown, the Court grants the motion for leave in this regard and will consider Surreply #192-1 and the Defendants' Response to it (#206-1).

### B. Leave to File a Surreply to Defendants' Reply in Support of Joint Motion to Exclude Testimony on Solvency Expert Group (#192-2).

The second request is for leave to file a surreply in support of Plaintiff's opposition to the motion to exclude Plaintiff's solvency expert group.  Doc. 192-2.  Plaintiff claims that Defendants raised several new arguments in their reply brief with respect to three of Plaintiff's solvency experts: Dan Conway, Brad Nelson, and Philip Stidham.  Defendants counter that their reply brief merely responded to the issues raised in Plaintiff's opposition and no surreply should be permitted.

After reviewing the parties' respective arguments and the record in relation to Plaintiff's solvency expert group, it appears that Defendants' reply arguments are responsive to Plaintiff's

---

Management Trust, LLV Real Estate Company, LLC, Mission Property Developers NV, LLC, Steven Shapiro, Transcontinental Corporation, Transcontinental Land Company, Transcontinental Properties, Inc., Transcontinental Ventures, Inc., Transling Limited Partnership, TransLoch Limited Partnership, TransNeva Limited Partnership, and Catherine M. Boeddeker, as personal representative of the Estate of Ronald F. Boeddeker (collectively, the "Transcon Defendants").

1  opposition argument and a surreply is unwarranted.  To the extent Plaintiff believes he needs to rebut
2  any of Defendants' arguments in this regard, he will have the opportunity to do so during the January
3  16 & 17, 2014, oral argument.  Accordingly, the Court denies Plaintiff's Motion to file Surreply
4  #192-2.

**C.     Leave to File a Motion to Strike Documents from the Allender Declaration (#192-3)**

Finally, Plaintiff seeks leave to file a motion to strike certain exhibits from the declaration of Daniel Allender, which was submitted in support of various of Defendants' filings.  Doc. 190. Those exhibits include: Exhibit 1 (a Wall Street Journal article entitled "The Shrinking Second Home,") Doc. 190-1; Exhibit 10 (an MIT Masters Thesis entitled "The Process of Resort Second Home Development Demand Quantification: Exploration of Methodologies and Case Study Application,") Doc. 190-16; Exhibit 12 (a power point presentation entitled "Demographic and Other Trends Impacting Second Home and Fractional Demand," which itself appears only to parrot information contained in other sources) Doc. 190-18; Exhibit 16 (an MIT Masters Thesis entitled "The Luxury Second Home Market, An Analysis of Historical Sales and Property Data at The Greenbriar Resort (White Sulphur Springs, WV)") Doc. 190-23; and Exhibit 17 (an MIT Masters Thesis entitled "Second Home Real Estate Market: Economic Analysis of Residential Pricing Behavior Near Heavenly Ski Resort, CA,") Doc. 190-24.  In support of his Motion to Strike, Plaintiff offers decisional law supporting only an evidentiary objection: "[a]n expert may not be impeached using publications that she neither used in preparing her opinion nor considers authoritative."  Doc. 192-3 at 3 (citations omitted).  In reply, Defendants assert that "impeachment is not the issue" because Plaintiff's expert has impeached his testimony on the bases of other treatises he has recognized as authoritative.  Doc. 206 at 5.  In the absence of a legal standard for granting the Motion to Strike, whatever the implications for permissible use of these exhibits may be, the Court does not find a basis in Plaintiff's moving papers to strike these exhibits from the record, thus leave to file the motion to strike is unwarranted and the request to file #192-3 is denied.  Plaintiff remains free to raise any objections to these documents at the motions hearing.

. . .

**D.     Oral Argument Procedure**

For the January 16th and 17th hearing, oral arguments will begin at 9:30 am each day.  Oral argument on each motion will be limited to 30 minutes per side (regardless of how many parties are on each side) and will not exceed a total of 60 minutes.  The Court reserves its discretion to expand the 60 minute time-frame, and if it so elects, each side will be granted an equal increment for argument.  Any movant who has filed a reply brief may reserve a portion of its allotted argument time for rebuttal.  The motions will be argued in the following order:

~January 16, 2014~

1.   Doc. 81: Defendants' Joint Motion for Summary Judgment[2] on Fraudulent Transfer Claims.

2.   Doc. 79: Defendants' Joint Motion to Exclude Testimony of Solvency Expert Group.

~Break for Lunch~

3.   Doc. 80: Defendants' Joint Motion to Exclude Expert Testimony of Certain Non-Solvency Experts.

4.   Doc. 84: Plaintiff's Motion to Exclude Certain Opinions of Two Experts.

5.   Doc. 77: Plaintiff's Motion for Summary Judgment on Defendant's Affirmative Defenses.

~January 17, 2014~

1.   Doc. 92: Bass Defendants' Motion for Summary Judgment on Fiduciary Duty Claims.

2.   Doc. 87: Defendant Matthew J. Boeddeker's Motion for Summary Judgment.

~Break for Lunch~

3.   Doc. 85: Defendant Stephen Shapiro's Motion for Summary Judgment.

. . .

. . .

---

[2] Any objections to summary-judgment evidence should be incorporated into the oral arguments on the motions or oppositions from which they arise.

4

.
.
.

## III.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave **[#192] is GRANTED only in part: leave is hereby granted for the filing of Doc. 192-1 and Doc. 206-1**; the Motion is DENIED in all other respects.

IT IS FURTHER ORDERED that the Parties shall adhere to the above-established schedule for the January 16-17, 2014, motions hearings.

DATED January 8, 2014.

_____
Jennifer A. Dorsey
United States District Judge